Paul R. Kiesel, State Bar No. 119854
  kiesel@kiesel.law
Jeffrey A. Koncius, State Bar No. 189803
  koncius@kiesel.law
Nicole Ramirez, State Bar No. 279017
  ramirez@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel:   310-854-4444
Fax:   310-854-0812

Stephen M. Gorny [Admitted *Pro Hac Vice*]
  steve@gornylawfirm.com
Chris Dandurand [Admitted *Pro Hac Vice*]
  chris@gornylawfirm.com
**THE GORNY LAW FIRM, LC**
2 Emanuel Cleaver II Boulevard, Suite 410
Kansas City, MO 64112
Tel.:   816-756-5056
Fax:   816-756-5067

Jay Barnes [Admitted *Pro Hac Vice*]
  jaybarnes5@zoho.com
Rod Chapel [Admitted *Pro Hac Vice*]
  rod.chapel@gmail.com
**BARNES & ASSOCIATES**
219 East Dunklin Street, Suite A
Jefferson City, MO 65101
Tel.:   573-634-8884
Fax:   573-635-6291

*Attorneys for Plaintiffs*

*(Additional Attorneys Listed on Signature Page)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WINSTON SMITH; JANE DOE I; and JANE DOE II, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>FACEBOOK, INC.; AMERICAN CANCER SOCIETY, INC.; AMERICAN SOCIETY OF CLINICAL ONCOLOGY, INC.; MELANOMA RESEARCH FOUNDATION; ADVENTIST HEALTH SYSTEM; BJC HEALTHCARE; CLEVELAND CLINIC; and UNIVERSITY OF TEXAS - MD ANDERSON CANCER CENTER,<br><br>        Defendants. | CASE NO. 5:16-cv-01282-EJD<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    August 18, 2016<br>Time:    9:00 a.m.<br>Crtrm.:  4, 5th Floor<br>Judge:   Hon. Edward J. Davila |

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that, pursuant to Rule 23(g) of the Federal Rules of Civil

3   Procedure, on August 18, 2016, at 9:00 a.m., before Judge Edward J. Davila of the Northern

4   District of California, Plaintiffs Winston Smith, Jane Doe I, and Jane Doe II will and hereby do

5   move for an order appointing interim class counsel under the proposed structure set forth herein.

6       This Motion is based on the Notice of Motion, the accompanying Memorandum of Points

7   and Authorities, and the Declarations of Jay Barnes, Barry R. Eichen, Amy Gunn, Stephen M.

8   Gorny, Paul R. Kiesel and Andrew Lyskowski, the papers on file in this matter, the arguments of

9   counsel, and any other matter the Court wishes to consider.

10  DATED: June 7, 2016                          **KIESEL LAW LLP**

11

12                                      By:   _____*/s/ Jeffrey A. Koncius*_____

13                                            Paul R. Kiesel
                                              Jeffrey A. Koncius
14                                            Nicole Ramirez

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................. 1

III.    LEGAL STANDARD ......................................................................................... 2

IV.     ARGUMENT ...................................................................................................... 3

    A.    THE COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS
        INTERIM CLASS COUNSEL ................................................................... 3

    B.    PROPOSED INTERIM CLASS COUNSEL WILL BEST BE ABLE TO
        REPRESENT THE PUTATIVE NATIONWIDE CLASS ........................................ 4

        1.    Proposed Interim Class Counsel have performed significant work in
            investigating and prosecuting this case. ......................................................... 4

        2.    Proposed Interim Class Counsel have the experience necessary to
            serve as interim class counsel and have extensive knowledge of the
            applicable law ............................................................................................... 5

            a.    Barnes & Associates ........................................................................... 6

            b.    Eichen Crutchlow Zaslow & McElroy, LLP ...................................... 7

            c.    The Gorny Law Firm, LC ................................................................... 8

            d.    Kiesel Law LLP .................................................................................. 8

            e.    Bergmanis Law Firm, L.L.C. ............................................................. 9

            f.    The Simon Law Firm, P.C. ............................................................... 10

        3.    Proposed Interim Class Counsel have the staffing and resources
            necessary to aggressively prosecute this case. ............................................. 11

        4.    Proposed Interim Class Counsel will work cooperatively with all
            other interested counsel to achieve the best result possible for the
            putative class. ............................................................................................... 12

V.      CONCLUSION ................................................................................................ 12

**TABLE OF AUTHORITIES**

**CASES**

*Bernal v. Netflix, Inc.*
     No. 5:11-cv-00820-EJD, 2011 U.S. Dist. LEXIS 89903 (N.D. Cal. Aug. 12, 2011) .......... 2

*Douglas v. Haier Am. Trading, LLC*
     No. 5:11-cv-02911-EJD, 2011 U.S. Dist. LEXIS 91695 (N.D. Cal. Aug. 17, 2011) .......... 2

*Four in One Co. v. SK Foods*
     No. 2:08-cv-03107-MCE, 2009 U.S. Dist. LEXIS 28657 (E.D. Cal. Mar. 19, 2009) ......... 2

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
     267 F.R.D. 291 (N.D. Cal. 2010) ...................................................................... 2

*Paraggua v. LinkedIn Corp.*
     No. 5:12-cv-03088-EJD, 2012 U.S. Dist. LEXIS 123226 (N.D. Cal. Aug. 29, 2012) ......... 2

*Wiener v. Dannon Co.*
     255 F.R.D. 658 (C.D. Cal. 2009) .................................................................... 11


**RULES**

Fed. R. Civ. P. 1 ............................................................................................... 1

Fed. R. Civ. P. 23 ............................................................................................. 2

Fed. R. Civ. P. 23(g) ..................................................................................... 1, 12

Fed. R. Civ. P. 23(g)(1) .................................................................................... 2

Fed. R. Civ. P. 23(g)(1)(A) ................................................................................ 4

Fed. R. Civ. P. 23(g)(1)(A)(iv) ......................................................................... 11

Fed. R. Civ. P. 23(g)(1)(B) ........................................................................... 2, 12

Fed. R. Civ. P. 23(g)(3) ................................................................................. 2, 3


**TREATISES**

Manual for Complex Litigation § 21.271 (4th ed. 2004) ........................................ 2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs filed this class action against Defendants Facebook, Inc., American Cancer Society, Inc., American Society of Clinical Oncology, Inc., Melanoma Research Foundation, Adventist Health System, BJC Healthcare, Cleveland Clinic, and University of Texas - MD Anderson Cancer Center for privacy violations. As detailed below, since its filing on March 15, 2016, this action has received significant media attention. Plaintiffs' counsel suspect that the privacy violations alleged in the Complaint are widespread and will result in the filing of numerous related actions nationwide. As a result, Plaintiffs move this Court for an order appointing interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). The proposed leadership structure will promote efficiency while advancing "the just, speedy and inexpensive determination" of the action and any related actions. Fed. R. Civ. P. 1.

## II.   BACKGROUND

This action seeks damages and injunctive relief for privacy violations by Facebook on the websites Cancer.org, Cancer.net, Melanoma.org, ShawneeMission.org, BarnesJewish.org, ClevelandClinic.org, MDAnderson.org, and other health care and hospital websites as maintained by those health care providers (hereafter, the "health care Defendants"). Plaintiffs' cancer and other sensitive health-related Internet communications with these medical websites were divulged to Facebook by health care Defendants and acquired by Facebook along with the Plaintiffs' personally-identifiable information. In addition, Facebook acquired, tracked, and used the Plaintiffs' sensitive medical information collected through medical websites and the Facebook website for purposes of direct marketing. The disclosures, tracking, and use of their sensitive medical information for direct marketing were all done without Plaintiffs' knowledge or consent in violation of their privacy rights under federal and state law.

Defendant Facebook failed to disclose to its users that it (1) tracks, intercepts, and acquires user communications in violation of other websites' privacy policies, (2) tracks, intercepts, and acquires user communications with medical websites, including the websites of medical providers subject to HIPAA and other medical privacy laws, and (3) uses the personal information it gathers

from its users, including sensitive medical information, to place its users into medical categories for purposes of direct marketing.

The health care Defendants' actions in divulging sensitive personally-identifiable medical information about the Plaintiffs to Facebook without the Plaintiffs' knowledge or consent violated the Privacy Policies at each website at issue in this case.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the [C]ourt may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1)." *Paraggua v. LinkedIn Corp.*, No. 5:12-cv-03088-EJD, 2012 U.S. Dist. LEXIS 123226, at *6 (N.D. Cal. Aug. 29, 2012); *Douglas v. Haier Am. Trading, LLC*, No. 5:11-cv-02911-EJD, 2011 U.S. Dist. LEXIS 91695, at *4 (N.D. Cal. Aug. 17, 2011); *Bernal v. Netflix, Inc.*, No. 5:11-cv-00820-EJD, 2011 U.S. Dist. LEXIS 89903, at *8 (N.D. Cal. Aug. 12, 2011). Under Federal Rule of Civil Procedure 23(g)(1), the court considers:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

*See also* Manual for Complex Litigation (Fourth) ¶ 21.271. The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). While "[n]o single factor should necessarily be determinative in a given case," Fed. R. Civ. P. 23 Advisory Committee Note (2003), the experience and ability of the firms to handle class action litigation becomes crucial when all firms have undertaken independent investigations into the underlying facts and legal claims. A court may appoint more than one firm to act in a leadership capacity. *Four in One Co. v. SK Foods*, No. 2:08-cv-03107-MCE, 2009 U.S. Dist. LEXIS 28657, at *14 (E.D. Cal. Mar. 19, 2009) (appointing two firms as co-lead counsel); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 316 (N.D. Cal. 2010) (appointing two firms as co-lead counsel).

5:16-cv-01282-EJD
MOTION FOR APPOINTMENT OF INTERIM
CO-LEAD COUNSEL

## IV.   ARGUMENT

### A.   THE COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS INTERIM CLASS COUNSEL

The Court should appoint Plaintiffs' counsel as interim class counsel pursuant to Rule 23(g)(3). Since its filing on March 15, 2016, Plaintiffs' action has received significant media attention.[1] Plaintiffs' counsel suspect that the privacy violations alleged in the Complaint are widespread and will result in the filing of numerous related actions. The broad scope and inherent complexity of this action necessitate a sound case management structure entered early in the litigation so that the litigation is streamlined from its onset. Therefore, Plaintiffs propose a detailed leadership structure for the putative class, which includes an Executive Committee led by four

---

[1] As of the date of this filing, the following articles have been published relating to this case:

AJ Agrawal, What The Big Brother Lawsuit Against Facebook Means For Data-Driven Advertising (May 18, 2016, 4:21 PM) http://www.forbes.com/sites/ajagrawal/2016/05/18/what-the-big-brother-lawsuit-against-facebook-means-for-data-driven-advertising/#7a84f88658bd

Martha Neil, Facebook capture of medical info from web searches by users violates HIPAA and other laws, suit says (April 13, 2016), http://www.abajournal.com/news/article/facebook_capture_of_medical_info_from_web_searches_by_users_violates_hipaa

Kerry Flynn, Facebook Tracking Cancer Sites for Advertising Purposes, Lawsuit Alleges (April 12, 2016), http://www.ibtimes.com/facebook-tracking-cancer-sites-advertising-purposes-lawsuit-alleges-2352084

Quinn Novak, Smith et al v. Facebook, Inc. et al: Plaintiffs Allege Facebook is Mining Private Medical Information to Generate Profit (April 6, 2016), http://jolt.richmond.edu/index.php/smith-et-al-v-facebook-inc-et-al-plaintiffs-allege-facebook-is-mining-private-medical-information-to-generate-profit/;

Carrie Pallardy, Lawsuit Claims Facebook Mined PHI from Websites of Cleveland Clinic, MD Anderson Cancer Center & More for Advertising Profit, Becker's Health IT & CIO Review (Mar. 23, 2016), http://www.beckershospitalreview.com/healthcare-information-technology/lawsuit-claims-facebook-mined-phi-from-websites-of-cleveland-clinic-md-anderson-cancer-center-more-for-advertising-profit.html

Neil Versel, Suit Claims Facebook Mines Private Cancer Data, MedCity News (Mar. 23, 2016, 1:21 AM), http://medcitynews.com/2016/03/facebook-cancer-data/

Emma Woollacott, Man Called Winston Smith Files Lawsuit Against 'Big Brother' Facebook (March 19, 2016), http://www.forbes.com/sites/emmawoollacott/2016/03/19/man-called-winston-smith-files-lawsuit-against-big-brother-facebook/#58ebaacd6f6b

Bethy Squires, Facebook is Mining Private Data from Cancer Organizations, New Lawsuit Alleges, Broadly (Mar. 18, 2016, 4:15 PM), https://broadly.vice.com/en_us/article/facebook-is-mining-private-data-from-cancer-organizations-new-lawsuit-alleges

Nicholas Iovino, Facebook Mines Data Off Cancer Sites, Users Say, Courthouse News Service (Mar. 16, 2016, 7:05 PM), http://www.courthousenews.com/2016/03/16/facebook-mines-data-off-cancer-sites-users-say.htm

firms: Barnes & Associates, Eichen, Crutchlow, Zaslow & McElroy, LLP, The Gorny Law Firm, LC, and Kiesel Law LLP; and a Plaintiffs' steering committee consisting of those firms on the Executive Committee, as well as The Simon Law Firm, P.C., and Bergmanis Law Firm, L.L.C. (collectively, "Proposed Interim Class Counsel").

## B.   PROPOSED INTERIM CLASS COUNSEL WILL BEST BE ABLE TO REPRESENT THE PUTATIVE NATIONWIDE CLASS

Proposed Interim Class Counsel are well-qualified to represent and assist the putative class. As detailed below, Proposed Interim Class Counsel (1) investigated the claims for one year before filing this action, (2) have extensive experience in class action law, (3) have been on the forefront of Internet privacy cases, and (4) have the resources to vigorously litigate this matter. In sum, Proposed Interim Class Counsel are more than able to represent the class fairly and adequately.

### 1.   Proposed Interim Class Counsel have performed significant work in investigating and prosecuting this case.

The Court should consider the work that Proposed Interim Class Counsel have already performed in investigating and prosecuting this case. Fed. R. Civ. P. 23(g)(1)(A). The Advisory Committee Notes (2003) provide that the investigatory and analytical efforts of counsel are an important factor in appointing lead class counsel.

Proposed Interim Class Counsel have filed a comprehensive 92-page Complaint on behalf of Plaintiffs and the putative class, detailing their allegations and claims in this case. ECF No. 1. This is the first filed case against Facebook and health-care Defendants alleging the type of privacy violations suffered by Plaintiffs and the putative class. However, this action was brought only after an extensive investigation into the salient factual and legal issues. Indeed, the investigation concerning Defendants pre-dated the filing of the Complaint by more than one year. During that time, Proposed Interim Class Counsel engaged in a meticulous and exhaustive investigation concerning how Internet users' sensitive medical information is divulged to, and acquired, tracked, and used by Facebook for direct marketing purposes. Declaration of Jay Barnes ("Barnes Decl.") at ¶ 4; Declaration of Barry R. Eichen ("Eichen Decl.") at ¶ 4; Declaration of Stephen M. Gorny ("Gorny Decl.") ¶ 5; Declaration of Paul R. Kiesel ("Kiesel Decl.") ¶ 3;

Declaration of Andrew S. Lyskowski ("Lyskowski Decl.") ¶ 4; Declaration of Amy C. Gunn ("Gunn Decl.") at ¶ 4. Proposed Interim Class Counsel also met with potential plaintiffs, and have allocated a significant amount of time and money through the hiring of knowledgeable consultants and working with specialists to develop this case. Barnes Decl. ¶ 4; Eichen Decl. ¶ 4; Gorny Decl. ¶ 5, Ex. A; Kiesel Decl. ¶ 3; Lyskowski Decl. ¶ 4; Gunn Decl. ¶ 4.

As a result, Proposed Interim Class Counsel are uniquely situated to efficiently prosecute this case based on the information they have already received and reviewed, their familiarity with the claims, and their contacts with affected class members.

> **2.**  **Proposed Interim Class Counsel have the experience necessary to serve as interim class counsel and have extensive knowledge of the applicable law.**

Proposed Interim Class Counsel's extensive experience in class action law, combined with their knowledge, experience, and expertise in similar cases, demonstrate their unique qualifications to serve as lead counsel. Courts throughout the country have appointed Proposed Interim Class Counsel and their attorneys as class counsel in hundreds of class actions, including many in this district. Barnes Decl. ¶¶ 3, 6, Ex. A; Eichen Decl. ¶¶ 2, 5-6; Gorny Decl. ¶ 3, Ex. A; Kiesel Decl. ¶¶ 2, 6, Ex. A; Lyskowski Decl. ¶ 3, Ex. A; Gunn Decl. ¶ 3, Ex. A. Many of these cases have gone to trial or reached settlement, and Proposed Interim Class Counsel have collectively recovered hundreds of millions of dollars for aggrieved class members and consumers generally. *Id.* Class members in this case will benefit by the appointment of counsel who have the experience of taking cases through trial, as well as devising fair settlement structures and claims protocols in similar cases should these cases resolve before trial.

Furthermore, Proposed Interim Class Counsel have vast experience in this area of the law. In a similar case against Facebook pending before this Court, *In re: Facebook Internet Tracking Litig.*, No. 5:12-md-02314 EJD, dealing with internet privacy and many causes of action that have been alleged in this case, members of Proposed Interim Class Counsel have been actively involved. Indeed, Stephen M. Gorny, Andrew S. Lyskowski, and Barry R. Eichen were previously appointed to the Plaintiffs' interim steering committee and Paul Kiesel as interim Liaison Counsel. *See* Order Granting Plaintiffs' Motion to Consolidate and Appoint Interim Class Counsel, *In re:*

1    *Facebook Internet Tracking Litig.*, No. 5:12-md-02314 EJD, ECF No. 19. Additionally, Plaintiffs

2    in that case recently and successfully moved this Court to appoint Jay Barnes, who has been

3    actively involved there and on the forefront of Internet privacy cases all over the country, to the

4    Plaintiffs' interim steering committee and to appoint Kiesel Law LLP to it as well. *See* Order

5    Amending Consolidation Order, *In re: Facebook Internet Tracking Litig.*, No. 5:12-md-02314

6    EJD, ECF No. 118. So too, in that case, Plaintiffs' counsel have opposed two motions to dismiss,

7    and are therefore very familiar with the legal issues and arguments that are anticipated to be made

8    in this action. Therefore, a similar appointment is warranted here, given the extensive experience,

9    skill, and expertise in this area of law.

10        Not only are Proposed Interim Class Counsel highly competent lawyers, but they have

11   developed a particular expertise in privacy actions through extensive investigation of the industry,

12   consultation with industry professionals, and the prosecution of similar cases. Barnes Decl. ¶ 3, 6,

13   Ex. A; Eichen Decl. ¶¶ 3, 6; Gorny Decl. ¶¶ 3, 5, 7, Ex. A; Kiesel Decl. ¶¶ 5, 6, Ex. A; Lyskowski

14   Decl. ¶¶ 3, 6, Ex. A; Gunn Decl. ¶ 4. Proposed Interim Class Counsel's experience is described in

15   further detail below, and in the accompanying Declarations and the firms' resumes.

16                        *a.    Barnes & Associates*

17        Barnes & Associates has extensive experience in privacy class actions. In addition to this

18   case, Barnes & Associates has been actively involved with and appointed to the Plaintiffs' steering

19   committees in the following privacy cases:

20   *In re: Facebook Internet Tracking Litigation*, MDL 02314. Jay Barnes of Barnes &
     Associates is actively involved and was appointed to the Plaintiffs' interim steering
21   committee, in this pending multi-district litigation concerning the rights of
     consumers in Internet privacy and Defendants' unauthorized interceptions and
22   tracking of user communications.

23   *In re: Google Cookie Placement Consumer Privacy Litigation*, MDL 2358. Jay
     Barnes of Barnes & Associates was appointed a member of the Plaintiffs' Steering
24   Committee for this pending multi-district litigation, involving the rights of
     consumers in Internet privacy and Defendants' unauthorized interceptions and
25   tracking of user communications. In December 2014, Barnes successfully argued
     the appeal of the district court's decision.
26
27   *In re: Nickelodeon Consumer Privacy Litigation*, MDL 2443. Jay Barnes of Barnes
     & Associates was appointed a member of the Plaintiffs' Steering Committee for
     this pending multi-district litigation, involving the rights of consumers in Internet
28

privacy and Defendants' unauthorized interceptions and tracking of video viewing and communications of minor children.

Barnes Decl. ¶ 3, Ex. A. Prior to these consumer privacy cases, Jay Barnes represented a consumer class against LegalZoom, Inc. on claims relating to the unauthorized practice of law in the state of Missouri, a case which was resolved favorably for the plaintiffs prior to trial but after extensive discovery. *Janson v. LegalZoom.com, Inc.* (Case No. 2:10-CV-04018-NKL, W.D. Mo.) In addition to his work as an attorney, Barnes serves as a state representative in the Missouri House of Representatives, where he is chairman of the House Committee on Government Oversight and Accountability. Barnes Decl. ¶ 2, Ex. A.

> b.     Eichen Crutchlow Zaslow & McElroy, LLP

The lawyers at Eichen Crutchlow Zaslow & McElroy, LLP ("ECZM") have significant experience handling both State and Federal class actions. They have lead, co-lead and participated as members of various Plaintiff Steering Committees on a wide variety of mass torts and class actions. ECZM's experience in these matters include: Co-Lead Counsel, *In re Schering-Plough Corp.*; Co-Lead Counsel, *Intron/Temodar Consumer Class Action*; Steering Committee Member, *Vytorin Litigation*; Steering Committee, *Phen-Fen Drug Litigation*; Lead of NJ State Steering Committee, *In re Rezulin Drug Litigation*; *In re Plasma Derivative Blood Protein Therapies Antitrust Litigation*; *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litigation*; *Lozinak v. The Pep Boys -- Manny Moe & Jack*; *Dyer v. Wakefern Food Corp., Chandra v. Metro Honda Consumer Fraud Litigation*; Co-Lead Counsel, *Chaudri v. OSRAM Sylvania Consumer Fraud Litigation*; Steering Committee, *In re Google Inc. Cookie Placement Consumer Privacy Litigation*; and Steering Committee, *In Re Nickelodeon Consumer Privacy Litigation*.

Members of the firm have participated in precedent-setting consumer class action litigation, including *Ting v. AT&T*, 182 F. Supp.2d 902 (N.D. Cal. 2002), 319 F.3d 1126 (9th Cir. 2003) (interaction of Federal Arbitration Act and doctrine of unconscionability regarding arbitration clauses prohibiting consumer class actions), as well as *Toppings v. Meritech Mortgage Services*, 569 S.E.2d 149 (W.Va. 2002), and *Ex rel. Dunlap*, 567 S.E.2d 265 (W.Va. 2002). The firm has also been among those approved by the New Jersey Attorney General as qualified to

1   represent the State against polluters in Natural Resource Damages Super Fund litigation. ECZM

2   Decl. ¶ 7, Ex. A.

3       ECZM's experienced team of attorneys have worked on this case from its inception, and

4   will continue to staff this matter through its conclusion. ECZM Decl. ¶ 4–8, Ex. A.

5                    *c.     The Gorny Law Firm, LC*

6       The Gorny Law Firm has experience in privacy class actions. In addition to this case, The

7   Gorny Law Firm has been actively involved with and appointed to the Plaintiffs' Steering

8   Committee in:

9       *In re: Facebook, Inc. Internet Tracking Litigation*, MDL 02314. Steve Gorny is
        actively involved and has served on the Steering Committee since the outset of the
10      litigation concerning the rights of consumers in Internet privacy and Defendants'
        unauthorized interceptions and tracking of user communications.

11      *In re: Google Cookie Placement Consumer Privacy Litigation*, MDL 2358. Steve
12      Gorny's prior firm was a member of the Steering Committee in this litigation.
        Steve Gorny has worked with attorney Jay Barnes with regards to strategy and
13      planning of motions and arguments in this case.

14      Steve Gorny has been involved in several consumer class actions involving cell phone use

15  and charges. These cases were nationwide involving consumers from more than 25 states. Chris

16  Dandurand of the firm has also had extensive experience in consumer class action litigation and

17  has worked on more than one dozen such matters.

18                   *d.     Kiesel Law LLP*

19      The attorneys at Kiesel Law LLP ("KL") have wide-ranging experience in the areas of

20  complex actions in both State and Federal Courts. They have held lead, liaison or co-lead positions

21  in several mass tort and class action cases including, but not limited to:

22      *Clergy Cases I, II, & III*, California JCCPs 4286, 4297, and 4359. KL was
        appointed Liaison Counsel on behalf of hundreds of survivors of childhood sexual
23      abuse against the Dioceses of Orange, Los Angeles, San Diego, and Fresno. The
        cases resolved for over $1 billion.

24
        *In re: Avandia Marketing, Sales Practices and Product Liability Litigation*, MDL
25      1871. The Plaintiffs' steering committee for this multi-district litigation selected
        Paul Kiesel to serve as Co-Lead Counsel for the Plaintiffs' steering committee in
26      March 2011. This national litigation involves numerous federal lawsuits brought
        against defendant GlaxoSmithKline PLC, manufacturer of the onetime
27      "blockbuster" type 2 diabetes drug Avandia, which has been pulled from the
        shelves in Europe, India, and New Zealand, and which is only available in the

28

United States as a drug of last resort. KL represents the County of Santa Clara in its claim for the return of all moneys used to purchase this toxic drug.

*In re: Facebook, Inc. Internet Tracking Litig.*, MDL 02314. KL was appointed to the interim steering committee for this pending multi-district litigation, involving the rights of consumers in Internet privacy and Defendants' unauthorized interceptions and tracking of user communications.

*In re: Wright Medical Technology, Inc., Conserve Hip Implant Products Liability Litig.*, MDL 2329. In May 2012, KL was appointed Co-Lead Counsel in this federal coordinated action arising out of injuries sustained as a result of implantation of defective metal-on-metal hip devices. A recent trial verdict on the first Bellwether case resulted in a 7 figure verdict.

*Nader v. Capital One Bank (U.S.A.), N.A.*, Case No. 12-CV-01265-DSF (C.D. Cal.); *Stone v. Howard Johnson International, Inc.*, Case No. 12-CV-1684-PSG (C.D. Cal.); *Greenberg v. E-Trade Financial Corporation*, Case No. BC360152 (Los Angeles Superior Court); *Mount v. Wells Fargo Home Mortgage, Inc.*, Case No. BC395959 (Los Angeles Superior Court); *Raymond v. Carsdirect.com*, Case No. BC256282 (Los Angeles Superior Court). Businesses must provide the familiar admonition that telephone calls with consumers "may be recorded for quality assurance and training purposes" in order to comply with California law, which requires the consent of all parties to a telephone conversation before it may be recorded. In these cases, KL represented classes of California individuals whose calls were recorded without their knowledge or permission.

Kiesel Decl. ¶ 6, Ex. A. KL leads an experienced team of attorneys that have worked on this case from its inception, and that will continue to staff this matter through its resolution. Kiesel Decl. ¶¶ 3, 6, Ex. A.

> e.   *Bergmanis Law Firm, L.L.C.*

Bergmanis Law Firm has extensive experience in nationwide Internet privacy cases. Andrew S. Lyskowski of Bergmanis Law Firm. has been appointed to the Plaintiffs' steering committees in the following privacy case:

*In re: Facebook, Inc. Internet Tracking Litigation*, MDL 02314. Andrew S. Lyskowski was appointed to the Plaintiffs' Steering Committee for this pending multi-district litigation, involving the rights of consumers in Internet privacy and Defendants' unauthorized interceptions and tracking of user communications.

Mr. Lyskowski was also actively involved in a similar case against Google, *In re: Google Cookie Placement Consumer Privacy Litigation* MDL 2358, which concerned the rights of consumers in Internet privacy and Defendants' unauthorized interceptions and tracking of user communications.

Mr. Lyskowski previously originated the first in a series of Drivers Privacy Protection Act cases, which were resolved prior to trial in Missouri. *See Roberts v. The Source for Public Data*, Case No. 2:08-cv-04167-NKL (W.D. Mo.), and prior to private practice, served as an assistant attorney general for the State of Missouri. Since the filing of this action, Mr. Lyskowski has conducted extensive research in both the development and application of the governing laws as well as an overview of existing case law in the area. Additionally, he has experience in computer hardware, software, and effective usage of the Internet in areas that intersect with our actionable laws and will be helpful in both crafting pleadings and discovery.

### f.    The Simon Law Firm, P.C.

The attorneys at The Simon Law Firm have wide-ranging experience in the areas of complex actions in both State and Federal Courts. They have held lead, liaison or co-lead positions in several mass tort and class action cases including, but not limited to:

*In re: Blue Buffalo Co., Ltd., Marketing and Sales Practices Litigation*, MDL 2562 (E.D. Mo. Dec. 2015). The Simon Law Firm served as lead counsel in consumer fraud class action and obtained a multi-million dollar settlement.

*Woods v. QC Financial Services Inc., d/b/a/ Quik Cash*, Case No. 12SL-CC00318 (St. Louis County Cir. Ct. Feb. 2012). The Simon Law Firm served as co-counsel in this predatory lending class action and obtained a multi-million dollar settlement via class arbitration.

*Hooper v. Advance America,* No. 2:08-cv-4045 (Mo. W.D. Nov 2010). The Simon Law Firm served as co-counsel in this predatory lending class action settlement that yielded several million dollars in refunds, debt reduction, and overall debt relief.

*Titus v. Burns & McDonnell Inc.*, No. 4:09-cv-117 (Mo. W.D. Sept. 2011). The Simon Law Firm served as co-counsel in this class action for ERISA benefits.

*Jost v. Commonwealth Land Title Insurance Co*., No. 4:08-734-CDP. The Simon Law Firm acted as co-counsel for this multi-state FLSA collective action.

The Simon Law Firm also acted as lead counsel in class actions against multiple Missouri cities in regard to the unconstitutionality of red light cameras. *See Brunner v. City of Arnold,* 427 S.W.3d 201 (Mo. App. E.D. 2013); *Damon v. City of Kansas City*, 419 S.W.3d 162 (Mo. App. W.D. 2013); *Edwards v. City of Ellisville,* 426 S.W.3d 644 (Mo. App. E.D. 2013); and *Unverferth v. City of Florissant*, 419 S.W.3d 76 (Mo. App. E.D. 2013). The Simon Law Firm is also currently serving as the appointed interim class counsel in *In re: Emerson Electric Co. Wet/Dry Marketing*

*and Sales Practices Litigation*, MDL No. 2382, a consumer protection case that is ongoing in the United States District Court for the Eastern District of Missouri.

In addition to The Simon Law Firm's extensive class action experience, Ms. Gunn has personally served on the Steering Committees for mass tort actions for defective transvaginal mesh in *In re: Pelvic Mesh/Gynecare Litigation*, BER-L-11575-14, New Jersey state court (Case No. 291), *In re: American Medical Systems, Inc. Litigation*, Case No. 27-CV-11-39363, Minnesota state court, and *Aldridge, et al. v. American Medical Systems, Inc., et al.*, Case No. 1222-CC10166, Missouri state court.

### 3. <u>Proposed Interim Class Counsel have the staffing and resources necessary to aggressively prosecute this case.</u>

The Court should also consider, in part, the resources counsel will commit to representing the Class. Fed. R. Civ. P. 23(g)(1)(A)(iv). A class is fairly and adequately represented where counsel are qualified, experienced, and generally able to conduct the litigation on its behalf. *Wiener v. Dannon Co.*, 255 F.R.D. 658, 672 (C.D. Cal. 2009).

Combined, the offices of Proposed Interim Class Counsel have forty-one attorneys who are qualified and able to represent the putative class. Barnes & Associates is a law firm of three lawyers specializing in privacy rights. Barnes Decl. Ex. A. ECZM has ten attorneys in offices in New Jersey. Eichen Decl. Ex. A. The Gorny Law Firm has three attorneys in its Missouri office. Gorny Decl. Ex. A. Kiesel Law, LLP has 10 attorneys in its Beverly Hills office. Kiesel Decl. Ex. A. Bergmanis Law Firm has three attorneys in its Missouri office. Lyskowski Decl. Ex. A. The Simon Law Firm has twelve attorneys in its Missouri office. Gunn Decl. Ex. A.

In addition to their lawyers who have developed national and international reputations for top quality work, these firms also maintain staffs with dozens of paralegals, investigators, litigation support staff, and others. Proposed Interim Class Counsel also have the financial resources necessary to represent the putative class, and will commit the resources necessary to litigate this case vigorously to its conclusion. *See* Barnes Decl. ¶ 7; Eichen Decl. ¶ 8; Gorny Decl. ¶ 8; Kiesel Decl. ¶ 7; Lyskowski Decl. ¶ 8; Gunn Decl. ¶ 7. Proposed Interim Class Counsel have already committed the full resources of their firms, including the time and efforts of their senior

1  attorneys and financial resources expended in hiring consultants and industry insiders, to perform

2  legal research and fact investigation in this case, and will continue to do so. Accordingly,

3  Proposed Interim Class Counsel easily satisfy the adequacy requirement of Rule 23(g).

4      **4.**      **Proposed Interim Class Counsel will work cooperatively with all other interested counsel to achieve the best result possible for the putative**

5      **class.**

6       The Court may also consider any other factors that are relevant to the appointment of lead

7  counsel. Fed. R. Civ. P. 23(g)(1)(B). Here, one important factor is Proposed Interim Class

8  Counsel's demonstrated ability to work efficiently and cooperatively with other counsel who are

9  expected to file their own cases. This case may eventually involve plaintiffs represented by several

10  firms. Therefore, it is important that lead counsel give voice to all interested parties and be capable

11  of working cooperatively to forge consensus when necessary. In this regard, and by way of

12  example, Jay Barnes of Barnes & Associates has been appointed to the Plaintiffs' steering

13  committees in privacy cases, including *In re: Facebook Internet Tracking Litigation, In re:*

14  *Google Cookie Placement Consumer Privacy Litigation, and In re: Nickelodeon Consumer*

15  *Privacy Litigation*. Barnes Decl. ¶ 3, Ex. A. Similarly, KL was appointed Liaison Counsel on

16  behalf of hundreds of survivors who filed claims against the Dioceses of Orange, Los Angeles,

17  San Diego, and Fresno in the *Clergy Cases I, II, & III*. Kiesel Decl. ¶ 6, Ex. A. Further, as

18  demonstrated in their firm resumes, Proposed Interim Class Counsel have worked in a leadership

19  capacity on countless nationwide cases involving a number of firms with demonstrated success.

20  Barnes Decl. Ex. A; Eichen Decl. Ex. A; Gorny Decl. Ex. A; Kiesel Decl. Ex. A; Lyskowski Decl.

21  Ex. A; Gunn Decl. Ex. A.

22       Thus, by appointing Proposed Interim Class Counsel, the Court will be assured that they

23  have the knowledge and experience necessary to include any other potentially interested parties

24  and act upon consensus views, thereby minimizing conflicts that can otherwise hamper complex,

25  nationwide litigation such as this.

26  **V.**      **CONCLUSION**

27       Proposed Interim Class Counsel have expended significant time and independent effort

28  developing this case and are fully committed to reaching a favorable resolution for aggrieved

1  consumers. They have the experience and resources necessary to serve as Lead Counsel,

2  particularly given their successful resolution of similar cases. For all these reasons, the Court

3  should appoint Proposed Interim Class Counsel as Interim Lead Class Counsel.

4  DATED: June 7, 2016                                **KIESEL LAW LLP**

5

6                                                     By:        */s/ Jeffrey A. Koncius*

7                                                            Paul R. Kiesel
                                                           Jeffrey A. Koncius
8                                                          Nicole Ramirez

9

10                                                   **THE GORNY LAW FIRM, LC**

                                                     Stephen M. Gorny [Admitted *Pro Hac Vice*]
11                                                      steve@gornylawfirm.com
                                                     Chris Dandurand [Admitted *Pro Hac Vice*]
12                                                      chris@gornylawfirm.com
                                                     2 Emanuel Cleaver II Boulevard, Suite 410
13                                                   Kansas City, MO 64112
                                                     Tel.:   816-756-5056
14                                                   Fax:   816-756-5067

15

16                                                   **BARNES & ASSOCIATES**

                                                     Jay Barnes [Admitted *Pro Hac Vice*]
17                                                      jaybarnes5@zoho.com
                                                     Rod Chapel [Admitted *Pro Hac Vice*]
18                                                      rod.chapel@gmail.com
                                                     219 East Dunklin Street, Suite A
19                                                   Jefferson City, MO 65101
                                                     Tel.:   573-634-8884
20                                                   Fax:   573-635-6291

21

22                                                   **EICHEN CRUTCHLOW ZASLOW & McELROY**

                                                     Barry. R. Eichen [Admitted *Pro Hac Vice*]
23                                                      beichen@njadvocates.com
                                                     Evan J. Rosenberg [Admitted *Pro Hac Vice*]
24                                                      erosenberg@njadvocates.com
                                                     Ashley A. Smith [Admitted *Pro Hac Vice*]
25                                                      asmith@njadvocates.com
                                                     40 Ethel Road
26                                                   Edison, NJ 08817
                                                     Tel.:   732-777-0100
27                                                   Fax:   732-248-8273

28

**THE SIMON LAW FIRM, P.C.**

Amy Gunn [Admitted *Pro Hac Vice*]
    agunn@simonlawpc.com
800 Market St., Ste. 1700
St. Louis, MO 63101
Tel.:    314-241-2929
Fax:    314-241-2029


**BERGMANIS LAW FIRM, L.L.C.**

Andrew Lyskowski [to be admitted *Pro Hac Vice*]
    alyskowski@ozarklawcenter.com
380 W. Hwy. 54, Ste. 201
Camdenton, MO 65020
Tel.:    573-346-2111
Fax:    573-346-5885