UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WINSTON SMITH, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC., et al.,<br><br>    Defendants. | Case No. 5:16-cv-01282-EJD<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL**<br><br>Re: Dkt. No. 80 |

Citing Federal Rule of Civil Procedure 23(g), Plaintiffs Winston Smith, Jane Doe I and Jane Doe II ("Plaintiffs") move for an order appointing their counsel as interim co-lead class counsel and approving a structure for representation designating certain counsel as part of an Executive Committee and certain other counsel as part of a Steering Committee. Dkt. No. 80. In support of this request, Plaintiff's note their suspicion "that the privacy violations alleged in the Complaint are widespread and will result in the filing of numerous related actions nationwide." For its part, Defendant Facebook, Inc. does not oppose the motion, but "defers to the Court to determine whether interim co-lead counsel is necessary before any related actions are filed." Dkt. No. 90.

This matter is suitable for resolution without oral argument pursuant to Civil Local Rule 7-3. Accordingly, the hearing scheduled for August 18, 2016, is VACATED, and the court finds, concludes and orders as follows:

    1.    Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action

1

Case No.: 5:16-cv-01282-EJD
ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL

as a class action." "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." White v. TransUnion, LLC, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)). "The decision regarding appointment of Lead Counsel is within the discretion of the Court." Horn v. Raines, 227 F.R.D. 1, 3 (D.D.C. 2005).

2. Here, despite the representation made in the motion, Plaintiffs have yet to identify another competing, potentially related action asserting the same privacy violations alleged in the Complaint such that more than one proposed representation structure is possible. Consequently, the court finds that appointment of interim class counsel, at least at this time, is neither necessary to protect the interests of class members nor useful in promoting the efficient administration of Plaintiffs' claims. See Gallardo v. Bennett, No. C-06-3864 JF (PVT), 2006 U.S. Dist. LEXIS 76216, at *8, 2006 WL 2884497 (N.D. Cal. Oct. 10, 2006) ("The Court will not grant a motion for appointment of lead counsel when no other plaintiffs have brought a [] suit and no other counsel claims the position of lead counsel.").

On that basis, the Motion for Appointment of Interim Co-Lead Counsel (Dkt. No. 80) is DENIED WITHOUT PREJUDICE to being renewed, consistent with preceding discussion.

**IT IS SO ORDERED.**

Dated: August 8, 2016

_____
EDWARD J. DAVILA
United States District Judge