Paul R. Kiesel, State Bar No. 119854
 *kiesel@kiesel.law*
Jeffrey A. Koncius, State Bar No. 189803
 *koncius@kiesel.law*
Nicole Ramirez, State Bar No. 279017
 *ramirez@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel.:   310-854-4444
Fax:   310-854-0812

Stephen M. Gorny [Admitted *Pro Hac Vice*]
 *steve@gornylawfirm.com*
Chris Dandurand [Admitted *Pro Hac Vice*]
 *chris@gornylawfirm.com*
**THE GORNY LAW FIRM, LC**
2 Emanuel Cleaver II Boulevard, Suite 410
Kansas City, MO 64112
Tel.:   816-756-5056
Fax:   816-756-5067

Barry R. Eichen [Admitted *Pro Hac Vice*]
 *beichen@njadvocates.com*
Evan J. Rosenberg [Admitted *Pro Hac Vice*]
 *erosenberg@njadvocates.com*
Ashley A. Smith [Admitted *Pro Hac Vice*]
 *asmith@njadvocates.com*
**EICHEN CRUTCHLOW ZASLOW & McELROY**
40 Ethel Road
Edison, NJ 08817
Tel.:   732-777-0100
Fax:   732-248-8273

Jay Barnes [Admitted *Pro Hac Vice*]
 *jaybarnes5@zoho.com*
Rod Chapel [Admitted *Pro Hac Vice*]
 *rod.chapel@gmail.com*
**BARNES & ASSOCIATES**
219 East Dunklin Street, Suite A
Jefferson City, MO 65101
Tel.:   573-634-8884
Fax:   573-635-6291

*Attorneys for Plaintiffs*

*(Additional Attorneys Listed on Signature Page)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON SMITH; JANE DOE I; and JANE DOE II, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.; AMERICAN CANCER SOCIETY, INC.; AMERICAN SOCIETY OF CLINICAL ONCOLOGY, INC.; MELANOMA RESEARCH FOUNDATION; ADVENTIST HEALTH SYSTEM; BJC HEALTHCARE; CLEVELAND CLINIC; and UNIVERSITY OF TEXAS - MD ANDERSON CANCER CENTER,<br><br>Defendants. | CASE NO. 5:16-cv-01282-EJD<br><br>**PLAINTIFFS' OPPOSITION TO HEALTHCARE DEFENDANTS' JOINT MOTION TO STAY**<br><br>Date:   June 22, 2017<br>Time:   9:00 a.m.<br>Dept.:   4, 5th Floor<br>Judge: Hon. Edward J. Davila |

## STATEMENT OF ISSUES PRESENTED

1. Whether the health care Defendants Joint Motion to Stay [ECF. No. 143] should be denied and:

   a. discovery ordered to proceed because:

      i. it is well-settled that the filing of a motion to dismiss does not prohibit discovery from occurring; and

      ii. Defendants do not, and cannot, show that Plaintiffs will be unable to state a claim for relief.

   b. Plaintiffs' Motion for Injunctive Relief should remain on calendar.

2. Due to the continuing nature of the complained of conduct a stay of discovery would cause prejudice to Plaintiffs that exceeds any minimal burden to the moving Defendants as would a delay in the hearing on Plaintiffs request for an injunction.

## I. INTRODUCTION

The thin premise on which this Motion is based is that because Defendants have filed a Motion to Dismiss, and one has been decided in a different case which is also before this Court,[1] discovery should be stayed. However, such an argument ignores not only case law, and decisions of this Court, but also the very harm complained of. Indeed, the conduct at issue is the subject of a pending Motion for Injunctive Relief [ECF No. 110] which seeks to stop the illegal sharing of sensitive medical information between the health care Defendants and Facebook. Like the pending Motion to Dismiss in this case, the instant Motion should be denied.

## II. FACTUAL BACKGROUND

This action seeks damages and injunctive relief for privacy violations on the websites Cancer.org, Cancer.net, Melanoma.org, ShawneeMission.org, BarnesJewish.org, ClevelandClinic.org, MDAnderson.org, and other health care and hospital websites maintained by the health care Defendants. As alleged in the Complaint, Plaintiffs' sensitive health-related communications with Defendants' websites were harvested and sent to Facebook by the health care Defendants. Compl. ¶¶ 1-5, 35. Facebook then profited from Plaintiffs' sensitive medical information by using it for marketing purposes. *Id.* ¶¶ 1-5, 88-91. The disclosure, tracking, and use of Plaintiffs' sensitive medical information for direct marketing were all done without Plaintiffs' knowledge or consent, in violation of their privacy rights and in violation of the health care Defendants' privacy policies. *Id.* ¶¶ 1-5, 35-36, 39.

These are not simply unfounded allegations and are not "the way the Internet works" as argued by Defendants in previous filings in this case. Rather, and as explained at length in the Motion for Injunctive Relief, post-filing research by expert Timothy Libert attested to in the Libert Declaration accompanying the Motion for Injunctive Relief [ECF No. 115] demonstrates that the health care Defendants' disclosures to Facebook are a frightening example of the loss of privacy on the Internet. And, such disclosures are able to be turned on, and off, by Defendants, without their losing the

---

[1] In the other case pending before the Court, Plaintiffs were granted leave to amend, have done so, and are awaiting a decision from this Court.

functionality of their sites. Mot. Inj. Relief 4:22-5:4.

With that backdrop, Plaintiffs seek discovery to prove their claims and to stop the harm complained of. This Motion, instead, seeks to delay.

## III. LEGAL ARGUMENT

### A. A Stay Should not Be Imposed

As this Court has previously recognized, the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery. *S.F. Tech. v. Kraco Enters. LLC*, No. 5:11-cv-00355 EJD, 2011 U.S. Dist. LEXIS 59933, at *5 (N.D. Cal. June 6, 2011). In fact, district courts tend to look unfavorably upon blanket discovery stays because they interfere with judicial efficacy and cause unnecessary litigation in the future. *Id.*; *In re Apple In-App Purchase Litig.*, No. 5:11-CV-01758 EJD, 2012 U.S. Dist. LEXIS 18970, at *3 (N.D. Cal. Feb. 15, 2012). Accordingly, the moving party carries a "heavy burden" and must make a "strong showing" as to why discovery should be denied. *Id.*; *Power Integrations, Ink. v. Chan-Woong Park*, No. 5:16-cv-02367-EJD, 2016 U.S. Dist. LEXIS 147879, at *2 (N.D. Cal. Oct. 24, 2016) (finding that the "heavy burden" imposed on the moving party was not satisfied over the movant's claims that a pending motion to dismiss was potentially dispositive in light of its subject matter jurisdiction, general jurisdiction, and specific personal jurisdiction challenges). The moving party cannot rely on stereotyped or conclusory statements, but rather must show a particular or specific need for the stay. *In re Apple In-App Purchase Litig.*, 2012 U.S. Dist. LEXIS 18970, at *3. "Good cause" to stay may be shown "by demonstrating harm or prejudice that will result from the discovery." *Id.* (quoting *Rivera v. NIBCO*, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004)). If, after examining the basis for good cause, a court finds that a particularized harm will result, then it should balance the public and private interests to decide whether a protective order is necessary. *Id.*

Relying merely on conclusory statements regarding the burdens imposed by Plaintiffs' proposed discovery, Defendants fail to demonstrate that there is any concrete harm or prejudice requiring the imposition of a blanket stay. Without identifying a specific need for the stay, Defendants cannot carry their heavy burden and, therefore, the Motion should be denied.

1         Moreover, even if Defendants' Motion to Dismiss were granted, it is not unreasonable to
2 assume that the Court would grant Plaintiffs leave to amend the pleadings. *See In re Apple In-App*
3 *Purchase Litig.*, 2012 U.S. Dist. LEXIS 18970, at *4; *S.F. Tech. v. Kraco Enters. LLC*, 2011 U.S.
4 Dist. LEXIS 59933, at *8-10. The benefits to allowing discovery to proceed at this time far outweigh
5 any burden imposed on Defendants as it cannot be reasonably denied that the discovery sought by
6 Plaintiffs in this action might allow for a more detailed complaint and assist in expediting the case. In
7 this regard, Plaintiffs have an undeniable interest in the timely resolution of their claims, and
8 imposition of a stay would cause undue delay in resolving them. This burden would increase with time
9 as memories fade, percipient witnesses become unavailable, and documents are destroyed.
10 Accordingly, allowing discovery to proceed at this time would promote the Court's interest in judicial
11 efficiency and timely resolution of litigation.

12         Similarly misguided is Defendants' argument regarding lack of standing. As explained at
13 length in Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 105), Plaintiffs have
14 alleged facts sufficient to surmount that procedural bar. Opp. Mtn. Dismiss 9:15 – 11:19. Further,
15 should this Court agree with Defendants that *Spokeo v. Robins*, 136 S. Ct. 1540 (2016) is somehow
16 dispositive, discovery could very well demonstrate how Plaintiffs have satisfied it. While economic
17 harm is not required for the intrusion claims alleged, in addition to that intangible but legally concrete
18 privacy harm, Plaintiffs could demonstrate through discovery the robust market for the sensitive
19 medical information wrongfully disclosed and tracked that is alleged. Compl. ¶¶ 53-57 (describing
20 "Value of the Personal Information Defendants Collect"), 88-91 (explaining how Facebook monetizes
21 data wrongfully collected). The argument regarding consent is equally without merit. Plaintiffs have
22 alleged at length that the privacy policies do not allow for the conduct at issue no matter in how
23 tortured of a manner they are read. Opp. Mtn. Dismiss 14:4 – 20:11.

24         Indeed, Defendants would like this Court to freeze the proceedings so as to decide these
25 important issues through allegation and argument of counsel (and reference to motions in other
26 litigation). However, discovery could very well provide the factual backdrop to help this Court reach
27 its ultimate decisions and address the very serious harms complained of. Further, Defendants argue
28 repeatedly that because Plaintiffs have asked in their portion of the Joint Scheduling Conference

1 Statement that this Court allow more discovery than initially contemplated by the Federal Rules of
2 Civil Procedure the burden on them is great. However, until this Court orders otherwise, those rules
3 must be followed and if this Court finds that, for example, the requested 50 interrogatories is
4 excessive, Plaintiffs will obviously abide by that ruling – but that should not result in a preemptive
5 stay of discovery on that basis. So too, Defendants should be required to serve their initial disclosures.
6 *See e.g.*, *Canter & Assocs., LLC v. Teachscape, Inc.*, 2008 U.S. Dist. LEXIS 108532, at *3, fn. 2
7 (N.D. Cal. 2008) (the pendency of a motion to dismiss almost never serves to excuse compliance with
8 initial disclosure obligations).

9 Finally, Defendants' Motion is based in large part on authority that is misplaced. For example,
10 *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987), is distinguishable. *Rutman*
11 was an antitrust case. There, the district court dismissed the plaintiffs' antitrust claims after the
12 plaintiff twice failed to allege injury to competition – an "indispensable" element of the claim. 829
13 F.2d at 734. The plaintiff then requested leave "to conduct discovery and amend anew," which the
14 district court denied. *Id.* The Ninth Circuit affirmed, agreeing with the district court that no injury to
15 competition was or could be alleged, 829 F.2d at 734-36, and that the plaintiffs' other antitrust
16 theories were equally meritless. *Id.* at 736-38. In light of the obvious faults in the plaintiffs' complaint,
17 and the plaintiffs' failure to cure the deficiencies after two opportunities to amend, district court and
18 the Ninth Circuit decisions to deny plaintiffs' belated request to conduct discovery come as no
19 surprise. These circumstances, however, are not present in this action. Therefore, *Rutman* is clearly
20 distinguishable.

21 **B. The Sovereign Immunity Issue Does not Mandate the Issuance of a Stay**

22 Health care Defendants claim that the issue of sovereign immunity mandates an issuance of a
23 stay. However, the authority they cite to in support is misplaced. Indeed, citing to *Ashcroft v. Iqbal*, 556
24 U.S. 662, 683 (2009), they argue that all discovery should be stayed pending resolution of an immunity
25 argument in a motion to dismiss. However, *Iqbal* did not establish any rule or policy regarding
26 discovery; to the contrary, it expressly limited its holding to the issue of pleading requirements. *Iqbal*,
27 556 U.S. at 684 ("Our decision is limited to the determination that respondent's complaint does not
28 entitle him to relief from petitioners."). To the extent that *Iqbal* commented on discovery issues, its

1  commentary extended only to the compelling policies underlying qualified immunity. *Id.* at 686 ("[W]e
2  are impelled to give real content to the concept of qualified immunity for high-level officials who must
3  be neither deterred nor detracted [by discovery demands] from the vigorous performance of their
4  duties."). Further, as explained at length in Plaintiffs Opposition to the Motion to Dismiss, Defendant
5  MD Anderson is not immune from suit in California and is subject to California law. *See* Opp. Mtn.
6  Dismiss 13:18 – 19:3.

### C. The Motion for Injunctive Relief Should not Be Stayed

The cases cited by Defendants to stay the briefing and hearing on Plaintiffs' Motion for Injunctive Relief pending the Court's ruling on the Motion to Dismiss are inapposite. In *Zepeda v. United States Immigration Naturalization Service*, Plaintiffs sought to certify a class of plaintiffs who alleged that their rights were violated by the INS. 753 F.2d 719, 727 (9th Cir. 1983). After denying class certification, the court issued an injunction that would affect all members of the proposed class. Not surprisingly, the Ninth Circuit held that the federal court could only issue an injunction over the parties before the Court, and could not issue an injunction that would affect absent class members. Similarly, the quoted section of *United States v. First Nat'l City Bank*, is taken from the dissenting opinion. 379 U.S. 378, 390 (1965). In that case, the U.S. Supreme Court upheld a district court's preliminary injunction that was issued before obtaining personal jurisdiction over the party at issue. There is no justification to delay the briefing on the Motion for Injunctive Relief or the hearing on that motion before ruling on the Motion to Dismiss.

### D. The Personal Jurisdiction Issue Does not Mandate the Issuance of a Stay

The personal jurisdiction dispute does not mandate an issuance of a stay. Health care Defendants claim this issue is purely a legal one and that Plaintiffs have only made one allegation to support an argument in support of personal jurisdiction—namely that health care Defendants send users' communications to Facebook in California. However, health care Defendants forget that Plaintiffs have also alleged that Health care Defendants agreed to Facebook's privacy policy adopting California law and venue.

Furthermore, while health care Defendants cite to *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) to support their argument that non-jurisdictional discovery

should not be permitted and would be a waste of time, they fail to acknowledge that discovery proposed by Plaintiffs could reveal further California activity by the health care Defendants. Therefore, the personal jurisdiction issue does not warrant a stay.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

DATED: January 10, 2017  **KIESEL LAW LLP**

By:    */s/ Jeffrey A. Koncius*
Paul R. Kiesel
Jeffrey A. Koncius
Nicole Ramirez

**THE GORNY LAW FIRM, LC**
Stephen M. Gorny [Admitted *Pro Hac Vice*]
 *steve@gornylawfirm.com*
Chris Dandurand [Admitted *Pro Hac Vice*]
 *chris@gornylawfirm.com*
2 Emanuel Cleaver II Boulevard, Suite 410
Kansas City, MO 64112
Tel.:   816-756-5056
Fax:   816-756-5067

**BARNES & ASSOCIATES**
Jay Barnes [Admitted *Pro Hac Vice*]
 *jaybarnes5@zoho.com*
Rod Chapel [Admitted *Pro Hac Vice*]
 *rod.chapel@gmail.com*
219 East Dunklin Street, Suite A
Jefferson City, MO 65101
Tel.:   573-634-8884
Fax:   573-635-6291

**EICHEN CRUTCHLOW ZASLOW & McELROY**
Barry. R. Eichen [Admitted *Pro Hac Vice*]
 *beichen@njadvocates.com*
Evan J. Rosenberg [Admitted *Pro Hac Vice*]
 *erosenberg@njadvocates.com*
Ashley A. Smith [Admitted *Pro Hac Vice*]
 *asmith@njadvocates.com*
40 Ethel Road
Edison, NJ 08817
Tel.:   732-777-0100
Fax:   732-248-8273

**THE SIMON LAW FIRM, P.C.**
Amy Gunn [Admitted *Pro Hac Vice*]
 *agunn@simonlawpc.com*
800 Market St., Ste. 1700
St. Louis, MO 63101
Tel.: 314-241-2929
Fax: 314-241-2029

**BERGMANIS LAW FIRM, L.L.C.**
Andrew Lyskowski [Admitted *Pro Hac Vice*]
 *alyskowski@ozarklawcenter.com*
380 W. Hwy. 54, Ste. 201
Camdenton, MO 65020
Tel.: 573-346-2111
Fax: 573-346-5885